UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EPHRIM D. TALISON,

    Plaintiff,

v.

    Civil Case No. 18-13087
    Honorable Linda V. Parker

CITY OF DETROIT, DETROIT
POLICE DEPARTMENT,
DET. SHAUN DUNNING, OFFICER
LEMUEL SIMS, OFFICER RANSOM WILLIAMS,
OFFICER LYNN MOORE, SERGEANT
WILLIE DUNCAN, and OFFICER HAROLD LEWIS,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANT SHAUN DUNNING'S MOTION TO DISMISS**

This is a civil rights action filed pursuant to 28 U.S.C. § 1983, arising from Plaintiff's arrest on June 21, 2016. In his Complaint, Plaintiff claims that Defendants unlawfully seized and used excessive force against him, and then denied him medical treatment for his injuries. The matter is presently before the Court on a motion filed by Defendant Detective Shaun Dunning ("Detective Dunning") on September 19, 2019. (ECF No. 21.) Plaintiff filed a response to the motion on September 30, 2019. (ECF No. 22.)

As an initial matter, Detective Dunning's counsel labels the motion as one for "summary judgment" and repeatedly states in the supporting brief that

Detective Dunning is "entitled to summary judgment." Motions for summary judgment are brought pursuant to Federal Rule of Civil Procedure 56. Yet, Detective Dunning's counsel cites Federal Rules of Civil Procedure 8(a) and 12(c) as the source of the motion. (*See* Def.'s Br. at 2-3, ECF No. 21 at Pg ID 121-22.) Further, the arguments in support of the motion reflect that Detective Dunning is challenging the sufficiency of Plaintiff's claim against him—that is, whether the facts alleged in the Complaint state a viable claim against this defendant. The Court therefore is construing the motion as a motion to dismiss pursuant to Rule 12(c).[1]

## Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the

---

[1] Plaintiff also understands Detective Dunning to be seeking relief under Rule 12(c). (*See* Pl.'s Resp. Br. at 3, ECF No. 22 at Pg ID 132 ("Although not explicitly stated, the instant Motion appears to be brought pursuant to Federal Rule of Civil Procedure 12(c).") As stated above, however, the motion does explicitly refer to Rule 12(c).

pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## Plaintiff's Factual Allegations

According to the Complaint, at approximately 7:00 p.m. on June 21, 2016, City of Detroit Police Department Officers Lemuel Sims, Ransom Williams, and Lynn Moore and Sergeant Willie Duncan approached Plaintiff to effectuate an arrest. (Compl. ¶¶ 15, 19, ECF No. 1 at Pg ID 4.) Plaintiff alleges that the officers used excessive force against him during the arrest, causing Plaintiff to suffer a fracture of his left arm, contusion of his right forearm, and abrasions on his right hand and right knee. (*Id*. ¶¶ 20-28, Pg ID 5.) After he was arrested, the officers transported Plaintiff to the Wayne County Jail. (*Id*. ¶ 30, Pg ID 6.) Plaintiff claims that he was denied medical treatment for his injuries, despite repeated requests for aid. (*Id*. ¶ 31-33, Pg ID 6.)

## Applicable Law and Analysis

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47 and Fed. R. Civ. P. 8(a)(2)). While such notice

pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678.

To prevail on his § 1983 claim, Plaintiff must show that each defendant deprived him of a right secured by the Constitution or laws of the United States while acting under color of law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006); *see also See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). To establish personal liability under § 1983, Plaintiff must show that each defendant charged "caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Stated differently, Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. This can be shown by alleging facts establishing that the individual participated, condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995). However, § 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Detective Dunning seeks dismissal of Plaintiff's § 1983 claim against him, arguing that there are no facts alleged in the Complaint suggesting that he engaged in any unlawful conduct. He is correct. The Complaint in fact does not identify any conduct by Detective Dunning, let alone conduct suggesting that he was personally involved or participated in the alleged unconstitutional actions. In response to Detective Dunning's motion, Plaintiff does not set forth any factual basis on which to find Detective Dunning liable.

Accordingly,

**IT IS ORDERED**, that Defendant Shaun Dunning's motion (ECF No. 21) is **GRANTED**, Plaintiff's claim against him is **DISMISSED WITH PREJUDICE**, and he is dismissed as a party to this action.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 17, 2019